

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVAN TANSIL | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. **16 4150** |
| JAMES F. VANDER, MD, | : | |
| WILLS EYE HOSPITAL, | : | |
| MID ATLANTIC RETINA | : | |
| AND AFFILIATES | | |
| | | |
| Defendants | : | |

## MEMORANDUM

July 28, 2016

STATEMENT OF CLAIM

Evan Tansil, claimant herein, by his mother, Terri C Wood-Tansil, Pro Se; and files this lawsuit against Defendants, James F. Vander, MD, Wills Eye Hospital, Mid Atlantic Retina (10 locations) and Affiliates.

FACTS

1. Plaintiff resides in Springfield, MA
2. Defendant, James F. Vander, MD is a physician, retinal specialist licensed to practice medicine in New Jersey and Pennsylvania; and regularly engages in the practice of medicine in New Jersey and Pennsylvania.
3. Defendant, Mid Atlantic Retina Wills Eye Retina Surgeons, is engaged in the practice of medicine in the State of New Jersey, Pennsylvania and Delaware.
4. Defendant, Wills Eye Hospital is engaged in the practice of medicine in the state of Pennsylvania and New Jersey.

5. This claim exceeds the jurisdiction limit of the District Court of Pennsylvania. The appropriate venue for this suit is Pennsylvania. Medical errors alleged in this claim occurred in Philadelphia.
6. Defendant, James F. Vander, MD is an Attending Physician, Mid Atlantic Retina, location is 501 Cooper Landing Road, Cherry Hill, NJ; and President, Mid Atlantic Retina.
7. On May 8, 2012, James F. Vander was employed by Mid Atlantic Retina, Wills Eye; and affiliates.
8. One May 8, 2012, James F. Vander, MD provided medical services to the Plaintiff in the form of an operation (Repair of his detached retina)
9. During the Plaintiff's surgery on May 8, 2012, he was acting as an agent/employee of Mid Atlantic Retina, Wills Eye Hospital and Affiliates and was providing medical services to the Plaintiff within the scope of that agency/employment.
10. During the Plaintiff's surgery on May 8, 2012, Dr. Vander performed a Pars plana vitrectomy, membrane peel and an air fluid exchange. During the procedure it was noted that Evan also had a vitreous hemorrhage. During the course of this procedure, Dr. Vander failed to effectively seal the retina by laser photocoagulation or cryotherapy. Following the surgery, Evan's vision was never restored; and he was only able to perceive light.
11. On May 25, 2012, Dr. Vander examined Evan and confirmed that he could not visualize any of the structures behind the lens. He stated that Evan's need to have his lense removed.
12. Shortly after, Dr. Vander said Evan needed laser surgery. Rather than go into the eye again, he could shoot a "laser beam" into his eye to pen up the area that was "obstructing his sight." We returned to Dr. Vander's Office to have this procedure done. He said that he was unable to do it in his office. He said that the equipment that he had in his office was too old. He would be able to perform this procedure in Philadelphia. He told me that an eye doctor in my area or Dr. Rispoli could perform the laser procedure on Evan. Dr Rispoli said no – that he would need to perform that procedure. So he scheduled us for an appointment to have Evan's procedure done. In June, 2012 – we drove to Philadelphia to get this procedure done. Dr. Vander said that he couldn't do the laser treatment at that time.
13. On June 19, 2012, Dr. Vander performed a plana lensectomy. There was extensive retinal scarring, massive exudate and a question of a small retinal tear.
14. On August 14, 2012, Dr. Vander performs a third surgery which included a second Pars plana vitrectomy. My son was scheduled to return to school in September, 2012. We were anticipating that he would regain his sight. He didn't. Dr. Rispoli told me that she spoke to Dr. Vander; and he informed her that Evan lost 1/3 of his retina during the surgery.
15. During the plaintiff's surgery on May 8, 2012, June 19, 2012 and August 14, 2012 owed the duty to the Plaintiff to perform the surgery within an acceptable standard of medical care within the medical community and James F. Vander, MD breached the standard of care by failing the seal the retina; and performing a retinotomy. As a result, he lost a 1/3 of this retina.

16. As a direct and proximate result of the breach of the applicable standard of medical care by James F. Vander, MD, which results in loss of sight; blindness.  The plaintiff: 1) Suffered physical pain and suffering. 2) Loss of income in the past, present and future. 3) Loss of her ability to earn a living in the future without substantial hurdles. 4) Incurred significant medical bills and expenses that will continue in the future. 5) Extreme mental and emotional sorrow and anguish. 6) Forced to get further operations and other medical procedures to recover the best that he could from the harm that was inflicted upon him.
17. The harm and losses endured by the Plaintiff were the direct, proximate result of the medical errors committed by James F. Vander, MD, Wills Eye Hospital, Mid Atlantic Retina and Affiliates.

Count I (Negligence – Medical Malpractice)

The Plaintiff incorporates by reference in this county the claims made in paragraphs 1-18 above.

1. James F. Vander, MD did not do what a reasonable, ordinary doctor would do treating the Plaintiff.  His treatment deviated from the appropriate standard of care during the surgery that he performed on the Plaintiff.  Because of this, the Plaintiff's retina was comprised; and now he is blind.

Count II (Negligence – Medical Malpractice via Agency)

The Plaintiff incorporates by reference in this county the claims made in Paragraphs 1-18 above.

1. Surgical procedures performed on the Plaintiff on May 8, 2012, June 19, 2012 and August 14, 2012 by James F. Vander, MD., Wills Eye Hospital, Mid Atlantic Retina and Affiliates.

WHEREFORE, Plaintiff prays for judgment against James F. Vander, MD, Wills Eye Hospital, Mid Atlantic Retina and Affiliates, plus costs, and seeks costs and any additional relief this court believes is appropriate.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __28th__ day of __July__ 2016

Signature of Plaintiff _____

Mailing Address __17 Thorndyke St. Spfld, MA 01118__

Telephone Number __413-519-6489__

Email Address __tcwt2000@yahoo.com__

Terri Wood-Tansil, Pro Se

Terri Wood-Tansil, Pro Se
17 Thorndyke St.
Springfield, MA 01118
(413) 519-6489
(413) 755-4458
*Pro Se for the Plaintiff*

4